**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN B. MACNEILL,**

        **Plaintiff,**

**-vs-**                                                        **Case No. 6:09-cv-706-Orl-31DAB**

**JAMES A. YATES,**

        **Defendant.**

**JAMES A. YATES,**

        **Counter Claimant,**

**vs.**

**JOHN B. MACNEILL,**

        **Counter Defendant.**

## ORDER

This matter comes before the Court on the Motions to Dismiss (Doc. 20, 21) filed by the Plaintiff/Counterclaim Defendant, John MacNeill ("MacNeill"), and the memoranda in response (Doc. 24, 26) filed by the Defendant/Counterclaimant, James Yates ("Yates").[1]

MacNeill's first motion to dismiss is directed toward Yates' fifth counterclaim, which is for breach of contract. Yates and MacNeill started a limited liability company called Encoded Solutions, LLC ("Encoded Solutions"). The goal of the LLC was to improve an existing piece of

---

[1] Although the Court has allowed it in this instance, in the future, absent leave of court, the parties will not be permitted to file more than one dispositive motion targeting a pleading and must combine responses and memoranda in opposition into a single document.

software – known as "Permit Tracker" – by rewriting it in a more modern programming language. Pursuant to the LLC's Operating Agreement, which was signed by both MacNeill and Yates, MacNeill agreed to make a contribution to Encoded Solutions of the then-existing version of Permit Tracker, as well as its associated copyrights and U.S. Trademark. (Doc. 17 at 24-25).

In his counterclaim, Yates alleges that MacNeill breached the Operating Agreement by continuing to sell the Permit Tracker software after the parties signed the Operating Agreement and by failing to contribute the copyrights and trademark. (Doc. 17 at 25). Yates further alleges that he has suffered damage as a result of these breaches, including "the value of his time to develop software, value of his time to research and develop software due to the unavailability of trademark 'Permit Tracker,' his initial capital contribution into the LLC, and other costs of software development." (Doc. 17 at 25).

However, as currently pled, the items that Yates asserts as damages do not appear to have resulted from the alleged breaches.[2] Nothing in the complaint suggests that Yates expended his time and money developing software *because* of MacNeill's alleged failure to contribute the software and related intellectual property. The same is true of Yates' initial capital contribution.[3] As a result, Yates has failed to state a claim for breach of contract, and this counterclaim must be

---

[2]*See, e.g.*, *Knowles v. C.I.T. Corp.*, 346 So. 2d 1042, 1043 (Fla. 1st DCA 1977) (to recover on a claim for breach of contract, claimant must prove "existence of a contract, a breach thereof and damages flowing from the breach").

[3]Any failure by MacNeill to make a required contribution would almost certainly result in damage to the LLC, but Yates insists he is bringing the breach claim on his own behalf rather than on behalf of Encoded Solutions.

dismissed. Because Yates may be able to recast his claim to assert damages that resulted from the breach, the dismissal will be without prejudice.

MacNeill also seeks dismissal of Yates' sixth counterclaim, which is for abuse of process. In the underlying complaint, MacNeill contends he has an ownership interest in the improved version of the Permit Tracker software and seeks, among other things, possession of its source code. (Doc. 17 at 26). According to Yates, MacNeill has made a discovery request seeking the same source code. (Doc. 17 at 26). Yates' theory is that this discovery request is an improper attempt to gain the relief MacNeill seeks – *i.e.*, possession of the source code – without prevailing on the merits, thereby constituting an abuse of process.

Under Florida law, the tort of abuse of process involves "the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). However, for abuse of process to occur," there must be a use of process for an *immediate* purpose other than that for which it was designed." *Scozari v. Barone*, 546 So. 2d 750, 751 (3d DCA 1989) (emphasis added). "There is no abuse of process, however, when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Id.*

As shown by this example, the gravamen of this tort is the *misuse* of process, in a manner often resembling extortion:

> A, an attorney to whom C has entrusted the collection of a debt owed by B, assigns C's claim to D, who resides some distance from B. In accordance with A's instructions D brings an action as assignee and causes a subpoena to issue at a time when it is extremely inconvenient for B to appear, A's purpose being to force B to pay the claim rather than to undergo the inconvenience of appearance. B not

appearing, A causes a bench warrant to issue for his arrest under which B is fined and execution against his body is ordered. Before this order is carried out, B brings his action against A. A is subject to liability to B for abuse of process.

Restatement (Second) of Torts § 682 comment a (1977).

Because the purpose of the subpoena was to bully B into a settlement rather than to obtain evidence from him, A committed the tort of abuse of process. In the instant case, however, Yates has alleged that MacNeill is seeking possession of the source code, via discovery, because he wants to possess the source code. Stated differently, MacNeill is alleged to be using discovery to accomplish the result for which it was created. As a matter of law, this cannot constitute abuse of process, even if it is ultimately determined that MacNeill has no ownership interest in the improved software and therefore no right to possess or control its source code. This counterclaim will also be dismissed. Although it appears unlikely that this claim can be recast to assert a proper abuse of process claim, the Court will permit Yates to attempt to do so. Accordingly, it is hereby

**ORDERED** that the Motions to Dismiss (Doc. 20, 21) are **GRANTED**, and the Defendant's fifth and sixth counterclaims are **DISMISSED WITHOUT PREJUDICE**. If Defendant wishes to amend these counterclaims to cure the deficiencies detailed above, he may file an amended answer on or before August 21, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 7, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party