**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN B. MACNEILL,**

        **Plaintiff,**

**-vs-**                                                     **Case No. 6:09-cv-706-Orl-31DAB**

**JAMES A. YATES,**

        **Defendant.**
_____

**JAMES A. YATES,**

        **Counter Claimant,**

**vs.**

**JOHN B. MACNEILL,**

        **Counter Defendant.**
_____

# ORDER

This matter comes before the Court on the Second Motion to Dismiss Counterclaim (Doc. 36) filed by the Plaintiff/Counter Defendant, John MacNeill ("MacNeill"), and the response (Doc. 37) filed by the Defendant/Counter Plaintiff, James Yates ("Yates").

Yates and MacNeill entered into a contract to form an LLC and rewrite an existing piece of software. The Court previously dismissed Yates's counterclaim for breach of contract because it did not assert any damages arising from the alleged breach. Instead, Yates had attempted to assert as damages costs that he would have incurred even in the absence of a breach, such as his original capital contribution to the joint project.

Yates has filed an amended answer, including an amended counterclaim for breach of contract. (Doc. 35). MacNeill contends that the new breach counterclaim suffers from the same shortcomings as the original. After reviewing the new breach of contract counterclaim, the Court concludes that MacNeill is correct.

The items he asserts as damages are not harms to him, flowing from the alleged breaches. Yates contends that MacNeill's breaches caused him to incur costs and expenses in winding up and dissolving the LLC, but there is no allegation that the breaches forced him to wind up and dissolve the LLC and thereby incur those costs and expenses. Yates also asserts that MacNeill's failure to contribute a particular U.S. Trademark required him to "expend hundreds of hours to rewrite the source code." As plead, however, this would constitute damages incurred by the LLC, not by Yates. Finally, Yates tries to argue that the alleged breaches caused him to "lose the benefit of the bargain" – an argument that makes no sense in the current context, at least in the absence of some explanation as to what the expected benefit was, and how the breaches caused him to lose it, which Yates does not provide. In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Second Motion to Dismiss Counterclaim (Doc. 36) is **GRANTED** and Yates's breach of contract counterclaim is **DISMISSED WITHOUT PREJUDICE**. It does not appear that Yates is able to assert a viable breach

counterclaim. However, should he wish to do so, Yates will be given one final chance to try to do so. On or before October 23, 2009, Yates may file a second amended answer that cures the deficiencies outlined in this order and the previous order dismissing that counterclaim.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party