**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOHN B. MACNEILL,

                **Plaintiff,**

-vs-                                                  Case No. 6:09-cv-706-Orl-31DAB

JAMES A. YATES,

                **Defendant.**
_____

JAMES A. YATES,

                **Counter Claimant,**

vs.

JOHN B. MACNEILL,

                **Counter Defendant.**
_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Second Amended Counterclaim (Doc. 49) filed by the Plaintiff, John B. MacNeill ("MacNeill"), and the response (Doc. 50) filed by the Defendant, James A. Yates ("Yates").

## I. Background

Yates and MacNeill entered into a contract to form an LLC and rewrite an existing piece of software. The software was known as "Permit Tracker". After a period of cooperation, the relationship broke down, and Yates dissolved the LLC. MacNeill contended that Yates was trying to improperly gain sole ownership of the software, and Yates argued that MacNeill had breached

the contract by, among other things, failing to turn over the trademark for the old software to the LLC. MacNeill sued, and Yates filed a number of counterclaims.

Twice before, this Court has dismissed Yates' counterclaim for breach of contract. The first time, the Court found that Yates had failed to allege that he had suffered any damages as a result of MacNeill's breaches. Instead, Yates had attempted to assert as damages costs that he would have incurred even in the absence of a breach, such as his original capital contribution to the LLC. The second time, the Court found that the items Yates was describing as his damages were not harms to him resulting from the alleged breaches. For example, Yates alleged that he had incurred expenses in dissolving the LLC, but did not explain how the breaches had required the dissolution. Similarly, Yates claimed that MacNeill's failure to contribute the trademark to the LLC required him to spend hours rewriting source code for the new version of Permit Tracker, but he did not explain the connection.

On October 22, 2009, Yates filed his second amended answer and counterclaim (Doc. 47), again attempting to assert a counterclaim against MacNeill for breach of contract. MacNeill contends that the latest version of Yates' counterclaim has the same shortcomings as the previous ones.

## II. Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court must view the complaint in the light most favorable to the Plaintiff, *Scheuer*

*v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III.  Analysis

After reviewing Yates' second amended counterclaim, the Court agrees that the latest version of the breach counterclaim is no improvement over the previous one. As described by Yates, the contract they entered into required MacNeill to contribute certain items to the LLC, including the existing Permit Tracker software, any associated copyrights, and the U.S. Trademark "Permit Tracker". Yates contends that MacNeill continued to sell the Permit Tracker software on his own, thereby violating the requirement that he turn it over to the LLC. He also contends that MacNeill did not own the copyrights associated with the software, and that another company owned the U.S. Trademark "Permit Tracker," rendering MacNeill unable to turn them over to the LLC.

Yates alleges that MacNeill's breaches harmed him in three different ways. First, because another entity held the "Permit Tracker" trademark, he was

> required to expend hundreds of hours to research and choose a new name for the LLC's new "Permit Tracker" software . . . and to rewrite the source code to remove the name "Permit Tracker" and to incorporate the new name within the new software.

(Doc. 47 at 27). However, as the quote makes clear, Yates did not own the new software; the LLC did. If MacNeill's failure to contribute the trademark made the software valueless or required expensive corrections, those were harms suffered by the LLC, not Yates.

Yates next alleges that MacNeill's alleged breaches led him to conclude that it "was necessary to dissolve the LLC," thereby incurring expenses and depriving him of the profits the LLC would have earned. As with his previous breach counterclaim, and despite the Court's instructions in the previous order, Yates fails to explain why the breaches made it necessary to dissolve the LLC. Finally, Yates again attempts to assert, as damages, items such as his time expended in creating the new software. Because Yates would have incurred these items whether a breach occurred or not, they cannot constitute damages flowing from such a breach.

In the previous order, the Court informed Yates that he would be given one more opportunity to plead a viable counterclaim for breach of contract. He has failed to do so. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Second Amended Counterclaim (Doc. 49) is **GRANTED**, and the counterclaim for breach of contract is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party