**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOHN B. MACNEILL,**

            **Plaintiff,**

**-vs-**                                                  **Case No. 6:09-cv-706-Orl-31DAB**

**JAMES A. YATES and AMY B. VAN**
**FOSSEN, n/k/a AMY B. JACKSON,**

            **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Partial Judgment on the Pleadings (Doc. 93) filed by Defendant James Yates ("Yates") and the response (Doc. 98) filed by the Plaintiff, John MacNeill ("MacNeill").

**I.**    **Background**

Yates and MacNeill entered into a contract to update an existing piece of software, known as "Permit Tracker". After a period of cooperation, the relationship broke down. MacNeill sued, and Yates answered and filed a number of counterclaims. Yates now seeks judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

**II.**    **Legal Standard**

As a general matter, a judgment on the pleadings is a decision on the merits, "appropriate where there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. MAC Adjustment, Inc.*,

140 F.3d 1367, 1370 (11th Cir. 1998). In considering such a motion, the Court must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *See Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).

## III.   Application

In his Second Amended Complaint (Doc. 55), which is accepted as true for purposes of resolving the instant motion, MacNeill asserts that he and Yates agreed to work together to develop an improved version of Permit Tracker, which was to be rewritten in a more modern programming language than had been used in previous versions. MacNeill co-authored the original version of Permit Tracker in 1987, and developed another verison in 1996 with another individual who is not a party to this action. In the joint venture with Yates, MacNeill contributed three things – a license to copy and prepare a derivative work from the 1996 version of Permit Tracker, knowledge of the relevant market, and "changes made to the 1996 Permit Tracker . . . in adapting it to current market conditions." (Doc. 55 at 5). MacNeill also asserts that both men intended that the resulting product be jointly owned.

In Count I of the Second Amended Complaint, MacNeill seeks, among other things, a declaratory judgment that he is a joint owner of the most recent version of Permit Tracker, and its source code, under federal copyright law. (Doc. 55 at 14). According to Yates, MacNeill is basing this claim of common ownership on his allegation that the source code was a joint work. Under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, a "joint work" is defined as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable parts

of a unitary whole." 17 U.S.C. § 101. The authors of a joint work are co-owners of copyright in the work. 17 U.S.C. § 201(a). To prevent individuals who make relatively minor contributions to a work, such as book editors, from claiming joint ownership, courts require a putative co-author to show that he or she (1) made an independently copyrightable contribution to the work and (2) was intended to be a co-author. *Childress v. Taylor*, 945 F.2d 500, 507-08 (2d Cir. 1991); *See also M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990) (finding no joint authorship where putative co-author's "ideas, conveyed to the author of the copyrighted work . . . were not copyrightable.").

Yates argues that MacNeill's contributions to the latest version of Permit Tracker did not rise to the level of copyrightability. "More specifically," Yates continues, "MacNeill's assertion that [the latest] Permit Tracker source code is a joint work and that he is a co-author thereof cannot be proven with any set of facts consistent with MacNeill's Second Amended Complaint." (Doc. 93 at 7). However, MacNeill asserts in the Second Amended Complaint that he contributed to the project by making changes to the 1996 version of Project Tracker. (Doc. 55 sat 5). MacNeill never admits that those changes were too minor to warrant being copyrighted, and Yates cites no authority compelling such a conclusion as a matter of law. Accordingly, it is at least theoretically possible for MacNeill to demonstrate an entitlement to joint ownership, and Yates is not entitled to judgment on this point.

Yates also asserts that MacNeill cannot prevail on counts II (conversion), III (civil theft), IV (constructive trust), and VII (injunctive relief) counts, because the relief sought in those counts only applies to tangible things, not the intangible intellectual property rights that are at issue in this

case.  As the Supreme Court has recognized, "interference with copyright does not easily equate with theft [or] conversion."  *Dowling v. U.S.*, 473 U.S. 207, 217 (1985).

MacNeill points out, correctly, that pursuant to 17 U.S.C. § 101, a copyrighted work is "created" when it is fixed in a copy or phonorecord for the first time. (Doc. 98 at 12).  He then points out that such a copy would be subject to the same property rights, such as protection from conversion, as other tangible items.  (Doc. 98 at 12).  Though likely true as far as it goes, this argument misses the point.  In the Second Amended Complaint, MacNeill is not asserting that Yates has improperly obtained a CD-ROM or print-out of the latest version of Permit Tracker.  Rather, he is asserting that Yates has misappropriated the copyrighted work itself.  In Count II, MacNeill complains that Yates "has kept the [latest version of] Permit Tracker in his sole dominion, control, and possession and has refused Plaintiff MacNeill's repeated requests and demands, as joint owner, for joint possession of the [latest version of] Permit Tracker."  (Doc. 55 at 14-15).  In Count III, he complains that Yates "has obtained, and has kept the [latest version of] Permit Tracker under his sole dominion, in his sole control and possession and has refused Plaintiff MacNeill's repeated requests and demands, as joint owner, for a tangible operating copy of the . . . Permit Tracker source code."  (Doc. 55 at 17).  In Count IV, MacNeill argues that Yates has adversely held and ousted him from joint ownership of the latest version of Permit Tracker.  (Doc. 55 at 20).  And in Count VII he asserts, *inter alia*, that Yates has attempted to place the latest version of Permit Tracker under his "exclusive possession and control".   (Doc. 55 at 29).  Although several of these counts refer to physical embodiments of the software or source code, none of them raise claims that Yates has somehow wrongfully asserted possession of these tangible items.  Instead, Yates' refusal to turn over such things as copies of the source code is

alleged to be one of the ways he maintains his allegedly wrongful dominion over the latest version of Program Tracker.

As to these four counts, MacNeill has failed to show that there are any facts that he could possibly prove that would entitle him to relief. Accordingly, the motion will be granted as to counts II, III, IV and VII.

Yates also seeks judgment on the pleadings as to Count VIII, an alternative copyright infringement claim. MacNeill states that he does not oppose the entry of judgment on this claim. The motion will therefore also be granted as to Count VIII.

**IV. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Partial Judgment on the Pleadings (Doc. 93) is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to counts II, III, IV, VII, and VIII, and judgment in favor of Defendant James Yates as to those counts will be entered at the conclusion of the case. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 17, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party