# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN B. MACNEILL,**

        **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-706-Orl-31DAB**

**JAMES A. YATES and AMY B. VAN FOSSEN, n/k/a AMY B. JACKSON,**

        **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss or Sever and Abate (Doc. 97) filed by Defendant Amy Jackson ("Jackson") and the response (Doc. 112) filed by the Plaintiff, John MacNeill ("MacNeill").

MacNeill and Defendant Yates agreed to work together to update a piece of software named "Permit Tracker". According to the allegations of the Second Amended Complaint (Doc. 55), Jackson represented both MacNeill and Yates in the formation of a limited liability company connected to the project. Relations between the two soured, and the instant suit ensued. As to Yates, MacNeill has raised various contractual, quasi-contractual, copyright and fraud claims. MacNeill has asserted three claims against Jackson: conspiracy (with Yates) to breach Yates' fiduciary duty to MacNeill (Count XII); malpractice causing injury to former client MacNeill (Count XIII); and malpractice to client MacNeill (Count XIV). In essence, MacNeill contends

Jackson committed malpractice by assisting Yates in misappropriating intellectual property in which MacNeill claims an interest.

Jackson argues that the MacNeill's claims against Yates must be resolved before MacNeill's claims against her can be resolved. She contends that if the court rules against him on those claims, he could not have suffered any damages as a result of her actions. Under Florida law, no cause of action for legal malpractice should be deemed to have accrued until the existence of redressable harm is established. *Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. 3d DCA 1994).

MacNeill does not dispute Jackson's legal argument. Instead he argues, essentially, that all of his claims should be tried together because the facts and events underlying his claims against Jackson occurred at the same time as the facts and events underlying the claims against Yates. Though this is true as far as it goes, it is not enough to show that his malpractice claims are ripe. Because it has not yet been established that MacNeill suffered redressable harm, his malpractice cause of action has not accrued, and the instant suit is premature as to those counts. Under Florida law, the proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law. *Burgess v. Lippman*, 929 So. 2d 1097, 1098 (Fla. 4th DCA 2006).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss or Sever and Abate (Doc. 97) is **GRANTED,** and Counts XIII and XIV are **STAYED** pending resolution of MacNeill's claims against Yates in the instant suit.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 29, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE