# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN B. MACNEILL,**

        **Plaintiff,**

**-vs-**                                                                **Case No. 6:09-cv-706-Orl-31DAB**

**JAMES A. YATES and AMY B. VAN FOSSEN, n/k/a AMY B. JACKSON,**

        **Defendants.**

## ORDER

      This matter comes before the Court on the Motion for Rule 11 Sanctions (Doc. 126) filed by Defendant James Yates ("Yates") and the response (Doc. 132) filed by the Plaintiff, John MacNeill ("MacNeill").

      In pertinent part, Rule 11 provides that

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

      MacNeill's Second Amended Complaint (Doc. 55) sought relief on a number of different legal theories, ranging from conversion to breach of fiduciary duty.  However, Yates seeks sanctions as to only those claims concerned with copyright ownership and copyright infringement. (Doc. 126 at 2).  Yates complains that MacNeill's claim of joint ownership was unsupported by existing law and therefore sanctionable.  However, the joint ownership dispute required an

assessment of MacNeill's contributions to the new version of the software, which included such things as suggestions and recommendations to the author of the code, Yates. The Court eventually determined that MacNeill's contributions were insufficient to qualify him as a joint author. But he argued within the proper legal framework, and the evidence on which he based his claim of joint authorship was not so insubstantial as to render his argument frivolous, or unsupported by existing law. MacNeill also complains that Yates's copyright infringement claim was sanctionable, but that claim was withdrawn prior to the filing of this motion. Finally, the court finds that Yates's arguments that his state law claims were not preempted by federal copyright law constituted a good faith argument for extension of existing law.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Sanctions (Doc. 126) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 16, 2010.

                                            GREGORY A. PRESNELL
                                        UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party