# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOHN B. MACNEILL,

           **Plaintiff,**

-vs-                                **Case No.  6:09-cv-706-Orl-31DAB**

JAMES A. YATES and AMY B. VAN
FOSSEN, n/k/a AMY B. JACKSON,

           **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES  (Doc. No. 224)** |
| **FILED:** | **November 2, 2010** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |
| **MOTION:** | **MOTION FOR LEAVE TO FILE A REPLY (Doc. No. 228)** |
| **FILED:** | **November 18, 2010** |
| | _____ |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES   AGAINST ATTORNEY ROSENBLATT (Doc. No. 225)** |
| **FILED:** | **November 3, 2010** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE REPLY (Doc. No. 230)** |
| **FILED:** | **November 22, 2010** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

*Background*

Plaintiff John MacNeill filed a lawsuit against Defendant James Yates arising out of a business

deal (Doc. No. 1).  As summarized by the District Court in earlier Orders (Doc. Nos. 34, 57), Yates

and MacNeill started a limited liability company called Encoded Solutions, LLC ("the LLC"). The

goal of the LLC was to improve an existing piece of  software – known as "Permit Tracker" – by

rewriting it in a more modern programming language.  After a period of cooperation, the relationship

broke down, and Yates dissolved the LLC.  MacNeill contended that Yates was trying to improperly

gain sole ownership of the software, and Yates argued that MacNeill had breached the contract by,

among other things, failing to turn over the trademark for the old software to the LLC.  MacNeill sued

for declaratory judgment with respect to ownership of the software and included a wide variety of

state law claims, and Yates filed a number of counterclaims.

Pursuant to the LLC's Operating Agreement, MacNeill agreed to make a contribution to the

LLC of the then-existing version of Permit Tracker, as well as its associated copyrights and U.S.

Trademark (Doc. No. 17 at 24-25). Yates counterclaim alleged (among other things) that MacNeill

breached the Operating Agreement by continuing to sell the Permit Tracker software after the parties

signed the Operating Agreement and by failing to contribute the copyrights and trademark (Doc. No.

17 at 25).  Yates further alleged that he has suffered damage as a result of these breaches, including

"the value of his time to develop software, value of his time to research and develop software due to

the unavailability of trademark 'Permit Tracker,' his initial capital contribution into the LLC, and

other costs of software development." (Doc. No. 17 at 25).  While there were other claims pled by both parties, the ownership and control of the software was the crux of the dispute.

On Plaintiff's motion (Doc. Nos. 20 and 21), the Court dismissed Defendant's counterclaims for breach of contract and for abuse of process, without prejudice (Doc. No. 34).  Yates filed an amended answer, including an amended counterclaim for breach of contract (Doc. No. 35).  Plaintiff moved to dismiss that amended counterclaim (Doc. No. 36), which the Court again granted, without prejudice (Doc. No. 40).  Yates filed a second amended answer, reasserting the breach of contract counterclaim (Doc. No. 47), and Plaintiff moved to dismiss it yet again (Doc. No. 49).  The District Court granted the motion to dismiss the second amended counterclaim for breach of contract; this time, with prejudice (Doc. No. 57).  In the meantime, Plaintiff filed a Second Amended Complaint for Declaratory Judgment and Injunctive Relief (Doc. No. 55),[1] and Defendant answered and counterclaimed, setting forth three counts for declaratory judgment and a count for damages, alleging fraudulent inducement (Doc. No. 58).

Discovery was contentious, as reflected in the numerous motions and orders of record.  With respect to the merits, Defendant filed a motion seeking a partial judgment on the pleadings, contending that i) Plaintiff is neither a joint owner nor a co-author of the C# .NET Permit Tracker source code; ii) Defendant cannot be liable for the personal property torts of conversion, civil theft, or waste, with respect to intangible property; and iii) Defendant cannot be liable for reproduction of or derivation from Plaintiff's copyright protected expression, when such activities were conducted in accordance with an irrevocable license granted by Plaintiff (Doc. No. 93).  The District Court granted the motion, in part, and denied it, in part (Doc. No. 111), finding that Yates was not entitled to judgment as to count 1 (declaratory judgment as to ownership of the software and source code), but

---

[1]Plaintiff added corporate counsel for the LLC as an additional Defendant.

granting the motion as to counts II (conversion), III (civil theft), IV (constructive trust), and VII (injunctive relief).  Additionally, the motion was granted with respect to count VIII, an alternative copyright infringement claim, with the Court noting that Plaintiff did not oppose judgment on the pleadings for that count (Doc. No. 111 at 5, Doc. No. 98).

On April 1, 2010, Yates filed a motion for summary judgment with respect to the remaining claims in the suit [2] (Doc. No. 120).  The District Court granted the motion, in part, and denied it, in part, holding:

> The motion is **GRANTED** as to Counts I, VI, VII and XI and **DENIED** as to Counts IX and X of MacNeill's Second Amended Complaint. The motion is **DENIED** as to all four of the counterclaims asserted by Yates. In addition, the Court hereby **STRIKES** the second and third counterclaims asserted by Yates, as well as the portions of the first counterclaim in which Yates seeks a declaratory judgment that the CPT does not infringe upon the 1996 Permit Tracker, that the CPT is not a derivative work of the 1996 Permit Tracker, and that Yates is entitled to recover his costs and fees for prevailing on a copyright action.

(Doc. No. 206).

Shortly thereafter, the parties jointly filed a stipulated notice of settlement, which requested entry of judgment consistent with the Court's Orders on the motion for judgment on the pleadings and motion for summary judgment, and stipulated to a voluntary dismissal of all remaining claims (Doc. No. 213).  On motion, judgment consistent with this stipulation was entered (Doc. Nos. 222, 223).

At various points in the litigation, Yates filed motions for sanctions and attorney's fees.  On April 6, 2010, Yates filed a motion for sanctions pursuant to Rule 11 (Doc. No. 126) , which the Court denied (Doc. No. 216).  Next, Yates filed a  motion alleging that he was entitled to fees as a discovery

---

[2]At this point,  MacNeill's claims included: a declaration that MacNeill and Yates entered into a joint venture and are joint owners of the C#.NET Permit Tracker software (Count I); breach of fiduciary duty (Count V); fraudulent inducement (Count VI); breach of joint venture agreement (Count VII); breach of implied-in-law contract (Count IX); unjust enrichment (Count X); and breach of fiduciary duty as majority LLC member (Count XI). Yates's counterclaims against MacNeill included Counts I, II, and III for declaratory relief regarding copyright ownership of the C#.NET Permit Tracker and noninfringement of the 1996 Permit Tracker by Yates, and Count IV for fraudulent inducement.  The counts against the corporate counsel defendant were severed and are not at issue in the current motions.

sanction and as the "prevailing party" on Plaintiff's copyright infringement claim and the state law claim for civil theft (Doc. No. 127). The Court denied the motion for attorney's fees with respect to discovery sanctions on the merits, and denied the motion, without prejudice, as to whether or not Yates was a prevailing party (Doc. No. 135). Yates filed another motion for sanctions and fees, this time pursuant to Rule 37(c)(2) (Doc. No. 209-renewed at Doc. No. 215). It, too, was denied (Doc. No. 219).

In sum, although the parties pled numerous counts seeking damages, declaratory relief, and/or injunctive relief against each other, the final judgment reflects no affirmative relief for either side and the Court has denied all motions for attorney's fees or sanctions to date. Against this complex background, the instant motions followed.

### *Issues and Analysis*

In Yates Renewed Motion for Costs and Attorney's Fees (Doc. No. 224), Yates seeks his reasonable expenses, including attorneys' fees, incurred in defending this action, "because Yates is now the prevailing party on MacNeill's copyright infringement claim, 17 U.S.C. § 505 (2008)" and as the prevailing party on MacNeill's claim for civil theft, pursuant to § 772.11(1), Florida Statutes (2009). In separate motion (Doc. No. 225), Yates moves for attorney's fees against Plaintiff's counsel pursuant to 28 U.S.C. § 1927, alleging that counsel multiplied the costs of the proceedings. Upon careful review of the record and the applicable law, the Court finds no merit in either motion, and **recommends** that they be denied.

### Fees under 17 U.S.C. § 505

The Copyright Act provides:

In any civil action under [Title 17], the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Title 17 U.S.C. Section 505. As this Court has recognized, generally speaking, "prevailing party" under this provision "is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit." *Home Design Services, Inc. v. Schwab Development Corp*., 2007 WL 2902963, 4 (M.D. Fla. 2007), *citing Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 853 (11th Cir. 1990) (footnote omitted).  A party's success on a claim that is 'purely technical or de minimis' does not qualify him as a 'prevailing party.' *Cable/Home,* 902 F.2d at 853.  Prevailing plaintiffs and prevailing defendants are to be treated alike for purposes of awarding attorney's fees under this provision. *Fogerty v. Fantasy, Inc.* , 510 U.S. 517, 114 S. Ct. 1023, 127 L.Ed 2d 455 (1994).

The Supreme Court has recognized "several nonexclusive factors that courts should consider in making awards of attorney's fees to any prevailing party" in a Copyright Act case; these factors include " 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' " *Fogerty*,  510 U.S. 517,  534 n. 19, 114 S.Ct. 1023, 1033 n. 19, (*quoting Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).  "The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc*.,  198 F.3d 840, 842 (11th Cir. 1999).  Having obtained a judgment on the pleadings with respect to count VIII, Defendant contends that he is entitled to fees under this provision.

First, Yates did not prevail on all claims in the suit.  Indeed, his counterclaims - including his oft asserted breach of contract claim- were dismissed, with prejudice, by the Court.  Despite this decidedly split decision, Yates makes no attempt to limit the fees sought, but appears to seek all fees and costs incurred, without any attempt to identify or segregate fees incurred solely due to this count

or any showing that all of the claims of the parties were so interrelated that full recompense for the entire litigation is warranted.  This, alone, compels denial of the motion as overbroad.

Assuming the Court interprets the motion as seeking only fees appropriately expended in defense of the copyright infringement count, an application of the above standards counsels against granting the motion.  While Yates prevailed on the copyright infringement claim, Plaintiff expressly pled the claim as an alternative count, Defendant moved for judgment on the pleadings, Plaintiff *consented* to entry of same, and the Court obliged, without substantive findings directed to the merits of the claim.  As the motion for judgment on this count was unopposed, the Court did not set forth any analysis of the federal copyright law, Plaintiff's infringement claim or defenses asserted.  As such, the effect of the judgment is personal to these parties, lacks any value as precedent for other cases, and, as far as this Court can determine,  carries no discernable compensatory or deterrence effect.  Further, the Court has already denied Yates' Rule 11 motion with respect to the copyright infringement claim (Doc. No. 216), thus implicitly rejecting Yates assertion that the claim was frivolous or objectively unreasonable,[3] and the papers make clear that the focus of this suit was not infringement of a copyright, but ownership of the new software in the wake of a business deal gone bad.  Therefore, while Yates prevailed by obtaining a judgment with respect to this count, the Court sees nothing in the unopposed entry of judgment that supports the contention that an award of fees here advances the purposes of the Copyright Act.  It is **respectfully recommended** that the Court, in its discretion, deny the motion to award attorney's fees pursuant to the Copyright Act.

### Civil Theft Claim

Yates argument with respect to this portion of the motion reads, in its entirety:

---

[3]Similarly, the Court finds the mixed bag of court rulings on the merits supports a finding against improper motivation.

Section 772.11, Fla. Stat., specifies that "[t]he defendant [in a Civil Theft action] is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11(1) (2009). The statute goes on to state that "[i]n awarding attorney's fees and costs under [Section 772.11], the court may not consider the ability of the opposing party to pay such fees and costs." *Id*.

MacNeill instituted an action under Section 772.11, Fla. Stat., alleging that Yates has committed a civil theft of MacNeill's property. See 2d Am. Compl., Doc. 55 ¶¶ 48-53. This Court entered judgment on the pleadings against MacNeill on his civil theft claim, finding that the claim had no basis in fact. See Doc. 111 at 5. Accordingly, Yates is entitled to recover his reasonable attorneys' fees and court costs, which have been incurred in defending this action.

(Doc. No. 224).

As above, Yates makes no effort to isolate or apportion the fees and costs incurred with respect to the defense of this claim, but seeks all fees and costs incurred in defending the "action." The Court finds no support for such relief.

With respect to the application of the statue, Yates has not shown that this claim was without substantial legal or factual support when it was filed. *See Sher v. Countrywide Home Loans, Inc.,* 848 So. 2d 1246, 1250 (Fla. 4th DCA 2003) (error to award fees under § 772.11, even when the plaintiff conceded the civil theft claim at summary judgment, where there was no showing that the claim was without substantial factual or legal support at the time it was filed). Instead, Defendant contends that he is entitled to recover because the District Court entered judgment on the pleadings on this count in his favor, finding that the claim "had no basis in fact." While the District Court entered judgment on this claim, applying the applicable standard[4] and concluding that "MacNeill has failed to show that there are any facts that he could possibly prove that would entitle him to relief" (Doc. No. 111 at 5), this finding is not the equivalent of a finding that the claim had no factual basis at the onset, as Yates appears to contend. As noted by a state court, "the clear language of the statute

---

[4]"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief" (Doc. No. 111 at 2-citation omitted).

appears to require more than that the defendant be the prevailing party because the failure of a plaintiff to prevail on a civil theft claim by *clear and convincing evidence* does not necessarily mean that the claim was without substantial fact or legal support." *Standafer v. Schaller,* 726 So.2d 352, 353 (Fla. 2d DCA 1999) (emphasis added).  Indeed,  the Court finds a fair reading of the record does not support an interpretation that the claim was without substantial factual or legal support.

In his motion for judgment on the pleadings, Yates contended that judgment was appropriate on this count because civil theft "only applies to tangible things, not the intangible intellectual property rights that are at issue in this case" (Doc. No. 111 at 3-4).   While the District Court apparently agreed and granted the judgment, it *denied* Yates' motion for Rule 11 sanctions, in which Yates argued, in pertinent part, that sanctions should be imposed as:

> MacNeill, or perhaps his attorney, Rosenblatt, has confused the rights that are available to the owner of intellectual property, with those afforded to an owner of tangible property. More specifically, copyright cannot be used to support, for example, claims of waste, ouster, conversion, or theft, as MacNeill has attempted to do in the instant action.  These concepts of real property and chattel law are embodiments of state statutory law and common law. As such, they are not applicable to copyright, which is purely a creation of federal statutory law.

(Doc. No. 126).

In denying the motion for Rule 11 sanctions, the District Court explicitly found that Plaintiff's arguments that his state law claims were not preempted by federal copyright law constituted "a good faith argument for extension of existing law" (Doc. No. 216 at 2).  A determination that the civil theft count (among other state law claims) was not sanctionable as frivolous under Rule 11 is inconsistent with a conclusion that the claim was without substantial factual or legal support at the onset.  For all the foregoing reasons, the Court **respectfully recommends** that the Court deny the motion.

### 28 U.S.C. § 1927

28 U.S.C. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings of any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In this circuit, "bad faith is the touchstone" of the Section 1927 inquiry. *Schwartz v. Millon Air, Inc*., 341 F.3d 1220, 1225 (11th Cir. 2003). In order "to justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *McDowell v. Southern Nuclear Operating Co., Inc*., 251 Fed.Appx. 651, 653, 2007 WL 3023326, 2 (11th Cir. 2007) (not selected for publication). Negligent conduct alone will not support a finding of bad faith; "an attorney's conduct must be particularly egregious to warrant the imposition of sanctions-the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim." *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1242 (11th Cir. 2007).

Yates contends that MacNeill's attorney should be sanctioned under this provision with respect to the maintenance of the copyright infringement claim and for various discovery related conduct. As set forth above, however, and in MacNeill's response papers (Doc. No. 227), the Court has already denied Yates Rule 11 motion with respect to the copyright infringement claim, as well as Yates' motions for discovery sanctions related to this alleged conduct (Doc. No. 135). There is nothing new here that the Court has not previously seen, and certainly nothing that meets the "high standard" of Section 1927 misconduct. *Amlong,* 500 F. 3d at 1242. The Court **respectfully recommends** that the motion be **denied.**

A final note is in order. As summarized above and set forth in the papers of record, the two parties had a particularly contentious business relationship and aftermath of same. At the end of the

day, however, neither side prevailed on their affirmative claims for relief and the Court leaves the parties as it found them.  While Yates has tried every conceivable avenue to obtain his costs of litigation here, for all the reasons set forth above and in the many Orders cited herein, it is the opinion of this Court that there is nothing about this dispute or the conduct of the parties or lawyers that warrants a departure from the American Rule.  It is **recommended** that the motions for attorney's fees be **denied.**  The motions to file reply briefs are **denied, as unnecessary.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 16, 2010.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy